UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY WAYNE HOPKINS,<br><br>Defendant. | CR 20-50095<br><br>PRELIMINARY ORDER<br>OF FORFEITURE |

Upon motion of the Plaintiff for a preliminary order of forfeiture, the Court finds:

1. As the result of the guilty verdict to the Indictment for which the United States seeks forfeiture pursuant to 18 U.S.C. § 2428, the Defendant shall forfeit to the United States: one Google cellular telephone, Verizon SIM and ICCID 89148000004442173723.

2. The Court has determined, based on the Defendant's guilty verdict, that he has an interest in the above property, that the property is subject to forfeiture pursuant to 18 U.S.C. § 2428, and that the United States has established the requisite nexus between such property and such offenses, and that the above property is property that was used or intended to be used to commit the offenses described in the Indictment to which the Defendant was found guilty.

NOW THEREFORE, IT IS HEREBY ORDERED

1. Upon the entry of this order, the United States is authorized to seize the above property for forfeiture, whether held by the Defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

2. Upon the entry of this order, and pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Cases, the United States shall post to www.forfeiture.gov, for a period of thirty consecutive days, notice of this order, notice of the United States' intent to dispose of the property according to law, and notice that any other person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with this court within thirty days of the final publication of notice, or receipt of actual notice whichever is earlier.

3. Further, the notice shall state that the petition shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the forfeited property, and any additional facts supporting the Petitioner's claim, and the relief sought.

4. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property

that is identified, above, as a substitute for published notice as to those persons so notified.

    5.    Pursuant to Fed. R. Crim. P. 32.2(c)(2), if no third party files a timely petition, this preliminary order becomes the final order of forfeiture.

Date: _____

                            BY THE COURT:

                            _____
                            JEFFREY L. VIKEN
                            UNITED STATES DISTRICT JUDGE