IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CODY WAYNE HOPKINS,<br><br>    Defendant. | 5:22-cr-50095-JLV<br><br>DEFENDANT'S SUPPLEMENTAL MEMORANDUM |

Comes now Cody Wayne Hopkins, Defendant above-named, by and through his attorney, Assistant Federal Public Defender Alecia E. Fuller, and respectfully submits the following Supplemental Memorandum, in support of his motion for a new trial, pursuant to this Court's Order. (Docket 82).

The government has requested that Hopkins specifically identify the places in the newly available transcript that support the arguments presented in support of his motion for a new trial. (*See* Docket 81). The Trial Transcript Excerpt, dated August 25, 2022, is found in the Court's record as Docket 80.

**A. Prosecutorial Misconduct - Sleep Deprivation, Credibility, Misleading the Jury**

Hopkins references "sleep deprivation" in response to government cross-examination regarding statements he made in the initial interrogation. (*See* Docket 80 at 27:8 to 28:4). The government immediately suggests that Hopkins had not discussed sleep deprivation in the initial interrogation and there is some discussion of this issue. *Id.* at 28:5 – 10. Hopkins later clarifies that he had, in fact, previously

1

told the officers that he was sleep deprived, recalling that it was to a transporting officer. *Id.* 34:22 to 35:1.

In the government's closing argument, it presents a discussion about witness credibility and honesty, with repeated reference to the considering the contents of the "interview" to understand the Defendant's "intent." *Id.* 44:12 to 46:18 (stating, in part, "It is your job to determine that, the determine *what his intent is*. Now, what he says, whether it was in the interview with law enforcement or up here today on the stand, if you believe any of it, you can consider that." *Id.* at 46:3 – 7 (emphasis added)).

The government then challenges Hopkins' credibility regarding what was and what was not said to the officers in the interview. (Docket 80 46:19 – 47:18 (ending "So you can consider that, as you consider Mr. Hopkins' getting on the stand today for the first time saying, 'I was sleep deprived.' You can consider who you believe in that situation.")) The government directly argued that Hopkins was not credible because he had not discussed sleep deprivation earlier. The government's argument was not true. Hopkins' discussion of sleep deprivation had been removed by the parties. Therefore, the government unfairly misled the jury into thinking Hopkins was lying and argued that he should not be believed because of that lie. This is a particularly unfair and unjust means of obtaining a conviction, because the government, as a participant in the video editing process, knows that its arguments to the jury are not based on fact or are plainly misleading.

Finally, in the government's rebuttal argument, the government implies that the defense was cherry picking the video; suggesting that because the video of the

2

interview did not show Hopkins discussing his sleep deprivation, it did not happen, and Hopkins was lying. (Docket 80 at 65:21 – 66:7). Importantly, the government implies to the jury that it was shown the *entire* or "whole" video for the jury's "full consideration," *id.* at 65:23-66:2, despite knowing that the "sleep deprivation" discussion had been removed from the video in pretrial preparation. (*See* Docket 78 at pp. 4–6). Again, this is unfair, improper, and unjust presentation by the prosecution, which seriously interferes with the integrity of the fact-finding process and sullies the legitimacy of the legal system.

Hopkins was not making up facts that were not there; the government was, in effect, "lying by omission." Upon review of the transcripts of the hearing and the police interview/interrogation, the government's arguments at trial were false, misleading, and unfairly implied that Hopkins and his counsel were misleading the jury, when quite the opposite is true. (Docket 78 at pp. 6–9). The government's error was unfairly weaponized into an improper and unsustainable credibility attack on Hopkins and his counsel. The government improperly "vouched" for the Defendant's lack of credibility. *Id.* A new trial is required to obtain a legitimate jury verdict in this case.

**B. Prosecutorial Misconduct – Misrepresentation of Burden of Proof**

In the rebuttal argument, the government suggested that they only needed to prove the intent to entice a minor, not the intent "to entice [a minor] to engage in acts which are in violation of state law," to the jury, as the Court explained the element. (*See* Docket 80 at 69:17-18). These include:

3

a)  "What truly goes to intent is exactly what he told you on the stand today, and I quote: 'I wanted to entice a sexually active person.'" (Docket 80 at 63:19-21). The statement of the Defendant does not say he wanted to entice the minor to perform illegal activity. As he explained his intent at trial, his intent was to talk to her and help her stop engaging in this activity. The government's reliance on Hopkins' statement is misleading on the element to be proven.

b)  *Id.* at 64:16 – 19 ("*It doesn't matter* what he would or would not have done, *what he wanted to do* or what he planned to do. That's a completely separate charge. That's not what he is charged with. He's charged with enticing a minor" (emphasis added)). The government is specifically arguing that it does not have to prove that Hopkins' intent was to get the minor to commit a criminal activity, but only to prove he enticed her to meet him.

c)  *Id.* at 64: 20 – 25 ("He confessed on the stand to exactly what it is we have to prove, which is that he wanted to entice a minor. And, yeah, he has this excuse about *why he was doing it*, and we'll talk about that in a little bit.") The government is suggesting that the *why,* to perform illegal activity, is not required to meet its burden.

d)  *Id.* at 67:21-22 ("He admitted he did it, and he did it to entice.") Again, the government omits the full burden of proof on his intent.

4

e) *Id.* at 68:7 – 19. In this passage, the government argues two scenarios, both of which it suggests are sufficient to prove all elements of the crime alleged. Scenario 1 – "he used it to entice her into sex because he wanted to have sex with her." This scenario is proper. Scenario 2 – "Or, he used it to entice her to agree to keep on talking to him and to meet him." This argument is misleading, particularly in the context of the next line, "Either way… he is guilty of enticement of a minor. Maybe not some other charge where we would have to prove that he was going to go through with sex. You don't have to. And you have this. You have from the Court where the actual law is…" *Id.* at 68:15-19.

f) Defense counsel's objection occurs as the above quoted passage was made, which objection the Court sustained. *Id.* at 68:20 – 70:6. As the Court explained, merely enticing "to meet, … was not the crime." *Id.* 69:22. As the above cited passages show, the government had been arguing that enticing merely "to meet" was sufficient. The government had repeatedly misstated the standard. This was prejudicial to the Defendant and in error.

g) The government continues by quoting the jury instruction, but then argues in a manner that avoids the full element of enticing her to engage in acts which violate the law. *Id.* at 71:3 – 72:9-12.

## CONCLUSION

Ultimately, the government's improper arguments sought to negate the defense by undermining the jury's credibility assessment. The government's improper arguments worked in tandem to deprive Hopkins of a fair trial, by first discrediting Hopkins' testimony regarding his intent, and second by minimizing the need for the government to prove his intent. Hopkins' efforts to explain his intent was called false by the government, which ignored the full context of the interview. Hopkins' efforts to explain his intent was then called irrelevant by the government, which ignored the full elements of proof of the crime. As noted, the government was incorrect on both the facts (the interview) and the law (the elements). Hopkins' explanations of his mindset and intent were neither false, nor irrelevant. Therefore, he was deprived of a fair trial as a result of the government's errors.

Because the Defendant's intent was a key issue, and the Defendant's testimony was key evidence on that issue, the Defendant was deprived of a fair trial by the prosecution's misconduct. Defendant was substantially and unfairly prejudiced. A new trial should be granted.

Dated this 6th day of October 2022.

        Respectfully submitted,

        JASON J. TUPMAN
        Federal Public Defender
        By:

        */s/ Alecia E. Fuller*
        Alecia E. Fuller, Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        655 Omaha Street, Suite 100
        Rapid City, SD 57701
        Telephone: 605-343-5110; Facsimile: 605-343-1498
        filinguser_SDND@fd.org