IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>CODY WAYNE HOPKINS,<br><br>      Defendant. | 5:20-cr-50095-JLV<br><br><br>DEFENDANT'S REPLY<br>MEMORANDUM |

Comes now Cody Wayne Hopkins, Defendant above-named, by and through his attorney, Assistant Federal Public Defender Alecia E. Fuller, and respectfully submits the following Defendant's Reply Memorandum, in support of his motion for a new trial and related documents. (Dockets 77, 78, 83).

The Court has the record before it, both on the credibility attack issue and the burden of proof issue, as well as its recollection of the trial itself. It is within the Court's discretion, based on these factors, to determine whether a new trial is warranted.[1] The Government has plainly acknowledged the error of its arguments regarding the "sleep deprivation" issue. Further, the "burden of proof" issue is fully explained by Hopkins's earlier briefing and the transcript. Ultimately, the cumulative effect of the prosecutorial misconduct in this case deprived Hopkins of a fair trial.

---

[1] It should be noted that the government's citation to *United States v. Hassan,* 844 F.3d 723, (8th Cir. 2016) is inapplicable. This is a request for a new trial based on prosecutorial misconduct, not "weight of the evidence."

By and large, the Government's response does not explain or minimize the arguments presented in Hopkins's earlier briefing. The Government concedes that its characterization of Hopkins's testimony was improper, explaining "[t]he United States reviewed the unredacted statement only one time and did not remember the defendant making the brief, benign, and seemingly irrelevant statement." (Docket 84, at p. 2). It is clear that the Government intended to "spoil" Hopkins's credibility with the jury, particularly regarding his intent, by calling him a liar. In other words, the Government sought to improperly and incorrectly persuade the jury by "something other than the evidence."

> To obtain a reversal for prosecutorial misconduct, [Defendant] must first show that the comments were improper and then that they prejudiced. Crawford's rights in obtaining a fair trial. A prosecutor's comments are improper if they "are likely to inflame bias in the jury and to result in a verdict based on something other than the evidence." *United States v. Mullins*, 446 F.3d 750, 759 (8th Cir.2006).

*United States v. Crawford*, 523 F.3d 858, 861 (8th Cir. 2008) (additional citations omitted).

Because this improper credibility attack went entirely to a key issue in the case – Hopkins's intent, this prejudiced his right to a fair trial. His own testimony regarding his intent, his defense itself, was entirely undercut by the improper prosecutorial misconduct. The Government's reckless statements delegitimized the legal proceedings.

Moreover, the defense was unable to object at the time of trial, because the parties had agreed to redact the salient portions of Hopkins's interview. It was

necessary to review the transcript of Hopkins's interview in order to make this objection, which was not possible at the time the Government made these improper statements. The posture of the issue was not appropriate, as the objection would require finding an unredacted copy of the transcript, finding the appropriate passage in the transcript, lodging the appropriate objection, etc. Again, this is a result of the Government's overeager and reckless attack on Hopkins's credibility, based on its own personal biases, not legitimate evidence or fair argument.

## CONCLUSION

Based on the record in this case and the arguments presented, Hopkins asks the Court to grant Defendant's Motion for New Trial Pursuant to Fed. R. Crim. P. 33 (Docket 77).

Dated this 3rd day of November 2022.

Respectfully submitted,

JASON J. TUPMAN
Federal Public Defender
By:

 /s/ Alecia E. Fuller
Alecia E. Fuller, Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
655 Omaha Street, Suite 100
Rapid City, SD 57701
Telephone: 605-343-5110; Facsimile: 605-343-1498
filinguser_SDND@fd.org