1              UNITED STATES DISTRICT COURT

2              DISTRICT OF SOUTH DAKOTA

3                   WESTERN DIVISION
   * * * * * * * * * * * * * * * *    * * * * * * * * * *
4  UNITED STATES OF AMERICA,          * CR No.  20-50095
                    Plaintiff,        *
5                                     * SENTENCING HEARING
      vs.                             *
6                                     * APRIL 28, 2023
   CODY WAYNE HOPKINS,                *
7                   Defendant.        *
   * * * * * * * * * * * * * * * *    * * * * * * * * * *

8

9       REDACTED PUBLIC TRANSCRIPT OF SENTENCING HEARING

10         BEFORE THE HONORABLE JEFFREY L. VIKEN,

11              U.S. DISTRICT COURT JUDGE

12   **(PURSUANT TO CRIMINAL LOCAL RULE 57.10, PORTIONS OF ALL**

13   **CHANGE OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)**

14  APPEARANCES:

15  FOR THE PLAINTIFF:    SARAH B. COLLINS
                          U.S. ATTORNEY'S OFFICE
16                        515 Ninth Street, #201
                          Rapid City, SD, 57701
17                        (605) 342-7822
                          sarah.b.collins@usdoj.gov
18
   FOR THE DEFENDANT:    ALECIA FULLER
19                        FEDERAL PUBLIC DEFENDERS OFFICE
                          655 Omaha, Suite 100
20                        Rapid City, SD, 57701
                          (605) 343-5110
21                        Alecia_Fuller@fd.org

22  COURT REPORTER:       SHERI L. NOT HELP HIM, RPR, CRR
                          Official Court Reporter
23                        550 Ninth Street, #302
                          Rapid City, South Dakota 57701
24                        Phone: (605) 399-6007.
                          Sheri_Nothelphim@sdd.uscourts.gov

25

```
 1                    PROCEEDINGS ~ April 28, 2023
 2                  Before Hon. JEFFREY L. VIKEN, Judge
 3
 4            (Proceedings in open court at 2:56 p.m.)
 5            THE COURT:  This is the time set for sentencing
 6   in the case of United States versus Cody Wayne Hopkins,
 7   our file 20-50095.
 8            May I have the appearance of government counsel,
 9   please?
10            MS. COLLINS:  Sarah Collins and Kelsey Blair on
11   behalf of the United States.
12            THE COURT:  Afternoon, counsel.
13            MS. COLLINS:  Afternoon.
14            THE COURT:  Defense?
15            MS. FULLER:  Alecia Fuller with Mr. Hopkins.
16            THE COURT:  Good afternoon, Ms. Fuller.
17            MS. FULLER:  Hello.
18            THE COURT:  Good afternoon, Mr. Hopkins.
19            THE DEFENDANT:  Good afternoon.
20            THE COURT:  We have Ms. Nikole Miller with us
21   from U.S. Probation.  Ms. Miller prepared your presentence
22   investigation report.
23            Have you had enough time to work with Ms. Fuller
24   to prepare for sentencing?
25            THE DEFENDANT:  Yes.
```

```
 1            THE COURT:  Well, as we go along, if you wish to
 2    speak with your attorney, let me know that.  We'll take a
 3    break so you can work with Ms. Fuller.
 4            THE DEFENDANT:  Understood.
 5            THE COURT:  Sure.
 6            Now, you're before the Court on a verdict
 7    returned by the jury on August 25th of 2022.  The verdict
 8    of the jury was a unanimous finding that you're guilty of
 9    attempted enticement of a minor using the internet; and
10    that had sexual activity taken place, the jury found it
11    would have constituted rape in the fourth degree under
12    South Dakota law and sexual contact with a child under 16
13    years of age.  Those are matters which must be proven in a
14    trial of that nature, and they were proven beyond a
15    reasonable doubt.  So that's what brings you here,
16    Mr. Hopkins.
17            I did preside over the trial, and I well
18    remember the trial, of course, as we discuss this case for
19    sentencing.
20            The presentence investigation report, no United
21    States' objections, Ms. Collins?
22            MS. COLLINS:  That's correct.
23            THE COURT:  There are defense objections at
24    docket entry 91, and we'll turn to those, Ms. Fuller.
25            There was a psychological evaluation and sexual
```

1   risk assessment by Dr. Frank Detillio.  It's a rather

2   extensive report.  I did review it carefully.  It was

3   prepared for the defense.

4           I assume you wanted me to see it, Ms. Fuller?

5           MS. FULLER:  I did.  I filed it, Your Honor.

6           THE COURT:  Yes.  That's why I had it.

7           I respect you writing a letter, Mr. Hopkins,

8   about your feelings about the case and struggles you've

9   had and, you know, where we should be had heading in

10  considering some of the factors for sentencing here.

11          You're asking for mercy, which of course you're

12  free to do.  Given the mandatory minimum sentence here,

13  it's something we can discuss, but nothing about which I

14  can do anything with regard to a lesser sentence.

15          You point out that you should have, you know,

16  sought therapy and medication, therapy much earlier on.

17  You had manic-depressive symptoms.  You did great in high

18  school, but then really struggled:  Suicide attempts, some

19  really rugged life experiences that you went through.  And

20  your parents wrote they didn't recognize any of these

21  symptoms.  They apparently thought you were fine.

22          Now, your point of view might be somewhat

23  different than that because you really were having a rough

24  time.  You've got a young son.  I think he's eight now?

25  [X.H.]?

```
 1              THE DEFENDANT:  He's nine now.

 2              THE COURT:  Is he nine?  So I mean you've got a

 3    son to look forward to when you get out of custody in the

 4    case.

 5              And, you know, I think in your view this is an

 6    isolated incident.  I hope that's true with underage

 7    people, but I have no information contrary to that.

 8              You know, you have good work goals.  You want to

 9    own your own shop.  You've got a background that's solid.

10    I believe you have a former employer who's interested in

11    bringing you back in.  Is that correct?

12              MS. FULLER:  That's correct, Your Honor.

13              THE COURT:  Yeah.  And you say you've got a lot

14    of therapy and work ahead of you to deal with your

15    conditions, and I agree with you.  I think that's good

16    insight on your part.  Apparently the meds have helped

17    you, when you've gone into custody, and you're much more

18    clear minded now than you were.  Yeah, well, that's very

19    positive.

20              Support letters, Desiree Fahey says you're an

21    awesome friend.  You help everybody.  You're an amazing

22    dad.  Very positive letter.

23              Ralph and Tina Hopkins, your parents, wrote

24    about your successes in high school.  You grew up in a

25    small town.  They thought things were fine.  They didn't
```

 1   see any problems, at lease that's what they're writing to

 2   me.  They point out [X.H.] is in an unstable situation,

 3   which is a reason to have you out of custody sooner rather

 4   than later.  And they tell me that your former employer

 5   wants you back.  You're an integral part of the family.

 6          You have family support, they make that clear,

 7   which is important coming out of custody.  You need family

 8   support.

 9          And Dustin, your youngest brother, wrote on your

10   behalf also.  Said, you know, you came from a law-abiding

11   family.  You're a great person.  He was surprised by the

12   conviction and nature of the offense here and of course is

13   going to support you and says you have great potential to

14   be a better person.  So those are all very positive

15   support letters.

16          Any additional material for my review,

17   Ms. Collins?

18          MS. COLLINS:  No, Your Honor.

19          THE COURT:  Ms. Fuller?

20          MS. FULLER:  No, Your Honor.

21          THE COURT:  Well, these federal sentencing

22   guidelines were an attempt by Congress to make sentencing

23   on individual case types uniform across all the federal

24   courts.  So they devised a plan to put in federal

25   sentencing guidelines and a Sentencing Commission to

1    administer the guidelines in about 1987.  And the point

2    is, a whole series of numbers, actually or theoretically,

3    based on massive criminal statistics and sentencing

4    statistics databases that underlie the range of months of

5    imprisonment that are produced by the federal sentencing

6    guidelines.  So there are aggravating and mitigating

7    factors considered under the guideline system.  But of

8    course it is a one-size-fits-all system.

9           We've got the parallel and separate sentencing

10   system for discretionary sentencing, 18 United States Code

11   Section 3553(a).  All of that is very important in most

12   cases.

13          But when Congress takes on the sentencing

14   function themselves and here puts in place a ten-year

15   mandatory minimum sentence, there isn't any federal judge

16   in the United States that could sentence you to anything

17   less than that.  It is the harsh reality of committing a

18   crime which was, as a jury found, using the internet to

19   attempt to entice a 13-year-old female into a sexual

20   relationship.

21          So Congress made findings, took that extremely

22   seriously, and that's the reason that they have the

23   mandatory minimum in place, ten years to life as a maximum

24   here.

25          Let's turn to the objections.  Objection one is

1    to paragraphs 9 through 17.  This is an appropriate set of

2    objections, because Ms. Fuller needs to deny every fact

3    that would underlie or support your conviction in order to

4    have an appeal.  I don't know -- is there going to be an

5    appeal in the case?

6            MS. FULLER:  I'm not a hundred percent certain.

7    I just wanted to preserve the issue in case he decides

8    to --

9            THE COURT:  Well, yes, and that's the way you

10   do.  You preserve the issue for the U.S. Court of Appeals

11   by denying all the facts that underlie the conviction.

12   And 3 through 17 does that.

13           Now, what that would do is shift to the

14   government the obligation to prove those facts just by the

15   greater weight of evidence in a sentencing hearing.  But

16   the facts were found by the jury beyond a reasonable

17   doubt.

18           Ms. Collins, do you wish to speak to that?

19           MS. COLLINS:  No, Your Honor.  I think the

20   record made at the trial and the jury's finding is

21   sufficient to prove and establish all of those facts that

22   are set forth.

23           THE COURT:  Yes.  Presiding over the trial,

24   that's the way I recall it as well, and the jury finding

25   is clear.

1          Did you have further record on the first
2   objection?
3          MS. FULLER:  No further record.
4          THE COURT:  Yeah, I find that paragraphs 9
5   through 17, those facts are proven beyond a reasonable
6   doubt at trial which resulted in your conviction.  So
7   objection one is overruled.
8          Objection two is to -- is it paragraph --
9   paragraph 19, which talks about obstruction of justice.
10  And there is a guideline that says if I find that you
11  committed perjury at trial, you know, it's obstruction of
12  justice, and you can have an aggravating addition of more
13  points on your guideline calculation.
14          Did you wish to speak to that?
15          MS. FULLER:  Nothing further than the objection,
16  Your Honor.
17          THE COURT:  Yeah.  Ms. Collins?
18          MS. COLLINS:  I don't have any record to make.
19          THE COURT:  No.  And the U.S. Probation Officer
20  here, Ms. Miller, didn't include obstruction of justice.
21  So objection two is overruled.  Paragraph 19 is just a
22  recitation of what the underlying matters would be as
23  required to make a finding for obstruction.
24          I do not find any obstruction here, and so
25  objection two is granted and obstruction is not applied.

1          Are there additional defense objections,

2     Ms. Fuller?

3               MS. FULLER:  No, Your Honor.

4               THE COURT:  And none from the United States,

5     Ms. Collins?

6               MS. COLLINS:  That's correct.

7               THE COURT:  Well, I'm going to put the federal

8     sentencing guideline calculation on the record,

9     Mr. Hopkins.  It's driven by the mandatory minimum set by

10    Congress.  But lets put the calculation on the record.  In

11    the event of an appeal, we want to make sure that the

12    Court has a proper record to review for you, including the

13    guideline calculation.

14          And so the offense of conviction here, attempted

15    enticement of a minor using the internet, every federal

16    felony is given a starting point or base offense level,

17    which is a number which starts this calculation.  And

18    here, the starting point or base offense level for this

19    crime is 28.

20          In paragraph 23 there's the specific offense

21    characteristic of using an internet-capable device in

22    committing the crime.  Well, that's fine.  I'll leave it

23    in the guideline calculation.  But the crime you were

24    convicted of can't be committed without using the

25    internet.  And so as far as I'm concerned, this is just an

1    antiquated, inappropriate two-level addition in paragraph

2    23, which I'll take care of by a downward variance when we

3    get to that point.

4        So, your adjusted offense level is 30.

5        No acceptance of responsibility.  There's no

6    penalty in this Court, Mr. Hopkins, for going to a jury

7    trial.  That's your absolute right.  But there's no

8    reduction for acceptance of responsibility, of course,

9    because you have confirmed to the jury that you're

10   innocent of this crime and you've explained why you

11   testified that way.

12       So the total offense level is 30.

13       Criminal history is also scored.  I have to tell

14   you, in this offense type it's very common that the person

15   who is convicted or pleads guilty to enticement of a minor

16   using the internet has no criminal history of any kind.

17   And that's the case with you.  So you're in the most

18   favorable sentencing category, Criminal History Category I

19   on the sentencing table.

20       Page 14 has the guideline calculation.  You'll

21   find it in the paragraph 67.  Based on an offense level of

22   30 and a Criminal History Category of I, the guideline

23   range for imprisonment is 97 months to 121 months.

24       Well, the mandatory minimum is 120 months, and

25   so that's the bottom of the guideline range.  So the range

1   is 120 months, ten years, to 121 months, ten years and one

2   month.  That's the guideline range here.

3          Now, supervised release.  We don't have parole

4   in the federal system.  We have what's called supervised

5   release, which is a period of supervision after a custody

6   sentence for several purposes:  One, there are people who

7   have a criminal history and they're a risk to the

8   community when they come out of prison for committing

9   future crimes.  And so having a person under the

10  supervision of a probation expert makes it less likely the

11  person would commit crimes in the community.

12         I don't have that concern for you, but I am

13  concerned that you have access to rehabilitation and

14  treatment as part of your supervised released term.

15         So here supervised release is five years to life

16  on supervision.  I'm sure five years of supervision after

17  custody is enough.  But that's the range both under the

18  guidelines and the statute.

19         Because of the mandatory minimum, of course,

20  there's no probation eligibility in the case.

21         There is a $100 special assessment in every

22  federal felony sentencing; mandatory because the money

23  goes into a crime victim's assistance fund, nationally.

24  If you cannot pay the hundred dollars, then I'll waive the

25  interest requirement on it so you can pay it over the

1    course of your judgment.  So that has to be imposed, and

2    I'll deal with it in that way.

3            The Justice for Victims of Trafficking Act of

4    2015 would apply, Ms. Collins; is that accurate?

5            MS. COLLINS:  It is.

6            THE COURT:  Congress, in passing that law, made

7    an exception and waives the $5,000 special assessment for

8    an indigent person.  And according to paragraph 64 of the

9    presentence report, you are an indigent person, so that

10    $5,000 assessment will not apply.

11            The guideline range for a fine is $30,000 to

12    $300,000.  This is not a case where a fine would serve any

13    purpose, so none will be imposed.

14            Ms. Collins, is that an accurate statement of

15    the statutory and guideline factors for sentencing?

16            MS. COLLINS:  Yes, Your Honor.

17            THE COURT:  Do you agree, Ms. Fuller?

18            MS. FULLER:  I do.

19            THE COURT:  Yes.  Well, thank you for the

20    report, Ms. Miller.  I'm adopting it as it is written.

21    It's certainly accurate based on presiding over the trial

22    and listening to the testimony in the case.

23            So when we turn to sentencing, I am going to

24    grant a two-level downward variance to eliminate the use

25    of an internet device in committing the crime.  That's the

1    only way the crime is committed, so there's no point in

2    adding two levels as an aggravating factor.  And if there

3    was, I have a policy disagreement with it, in any event,

4    with the Sentencing Commission.

5              Any record on it in this case, Ms. Collins?

6              MS. COLLINS:  No, Your Honor.  Thank you.

7              THE COURT:  All right.  Very well.

8              So two-level downward variance.  That changes

9    the total offense level to 28, rather than 30.  Criminal

10   History Category I.  The guideline range for imprisonment

11   without the mandatory minimum would have been 78 months to

12   97 months in federal custody.  But there's no way to

13   sentence below the mandatory minimum.  That's a

14   congressional determination.  So it doesn't change your

15   guideline range in the case, actually.

16             All right.  That variance, having been put in

17   place, I'd turn to you, Ms. Fuller, and Mr. Hopkins, if

18   you wish to speak about this.

19             MS. FULLER:  Thank you, Your Honor.

20             I wish you could ask for less on behalf of

21   Mr. Hopkins, but I am asking for the mandatory minimum of

22   the 120 months.  All the reasons that I would ask for a

23   downward variance support the mandatory minimum as well:

24   His age.  It appears aberrant behavior, as he has zero

25   criminal history, as the Court pointed out.

1        The Court, also, when speaking about the

2   reviewing of the records, mentioned my other reasons,

3   which are his employment record.  I do note that his

4   employer didn't send back the employer verification; but

5   the United States Probation Officer that supervised him

6   had contact with his employer and I think could confirm

7   that he was a good worker and he would take him back.  And

8   as did his parents.

9        THE COURT:  Yeah, Ms. Miller confirmed that for

10   me before we came in.

11        MS. FULLER:  Thank you.

12        I'd also highlight his family ties and

13   responsibility, and then his -- also his mental and

14   emotional state.  I do think he's, today, in a better

15   place than he certainly was a couple years ago with

16   understanding his mental health a little bit better as

17   well as being on medications, kind of helping him round

18   out to be able to make better decisions in the future.

19        Really, rehabilitation is what he needs, and I

20   wish we could get to that sooner than 120 months.  Because

21   I think that with rehabilitation and the services of

22   United States Probation he'll never see the inside of a

23   courtroom again.  I think Mr. Hopkins is committed to

24   that.

25        I'd also note he does have great remorse.  And

1    I'd highlight that, you know, his concern and his remorse

2    is that there are real victims out there.  And for a long

3    time he thought there was in this case.  And I think that

4    that struck him that he recognized that impact on people,

5    or victims, in a case like this.

6            So for all of those reasons, we have no

7    objection to the special conditions.  I think they're

8    appropriate.  I would ask that you order them as a

9    condition of supervised release.  But, regretfully, I'm

10   asking for 120 months today.

11           THE COURT:  Okay.  But you're taking the

12   position that Mr. Hopkins is not guilty?  That is,

13   contrary to the jury finding?

14           MS. FULLER:  I'm taking the position that

15   Mr. Hopkins has never wavered from -- in any conversations

16   with me as well as his testimony; that he acknowledges he

17   sent the messages, he acknowledges what they appeared

18   like; but his intentions were to help.  And he has never

19   wavered from that.

20           And he's extremely remorseful that if it was a

21   real girl -- and when he came to see me after he was

22   released from custody, Your Honor, the first thing he

23   asked me was if she's getting help.  And my confusion was

24   how do you not know it was a Rally sting at this point?

25   But he genuinely had a concern for whoever was on the

1     other end of that.

2              Did he handle it correctly?  Absolutely not.

3     But he's never wavered from what his goal was on that

4     evening.

5              I recognize the jury didn't believe that, but

6     that's the jury determination.  It's not what Mr. Hopkins

7     believes in his heart where his intentions were.

8              THE COURT:  Well, thank you for that,

9     Ms. Fuller.  I appreciate it.

10             Now, do you wish to speak today, Mr. Hopkins?

11             THE DEFENDANT:  If you don't mind, sir.

12             THE COURT:  You take as much time as you wish.

13     You just remain seated.  That's fine.

14             THE DEFENDANT:  Okay.  I just wanted to say that

15     I know you read my letter and all that.  But I just wanted

16     to say that I am deeply remorseful for my conduct that

17     day.  There is no excuses for the language that I used for

18     somebody that at that time I felt was a minor.  I wish I

19     could turn back the time, make different choices, but I

20     can't do that.  I'm just ready to start my rehabilitation

21     and BOP custody.  And that's all.

22             Thank you.

23             THE COURT:  Yeah.  Well, that's a realistic view

24     of what lies ahead for you.  And supervised release is

25     going to be critical for you.  You need ongoing mental

1    health attention.  You do need the sex offender

2    treatment -- that's going to be part of your

3    supervision -- and the other special conditions we put in

4    place for your individual case.  And so you're 32 years

5    old, looking forward, you'll be out of custody and back to

6    family and work at some point.  So, I guess that's where

7    you should set your vision; rehabilitation and treatment.

8            Thank you for speaking about that today and for

9    writing.  I do appreciate it.

10            Ms. Fuller, anything else?

11            MS. FULLER:  No, thank you.

12            THE COURT:  Ms. Collins?

13            MS. COLLINS:  Your Honor, the United States is

14    not seeking a sentence above the mandatory minimum of ten

15    years.  I don't need to make a further record unless the

16    Court would like to hear from me further?

17            THE COURT:  No, we all -- you, Ms. Collins,

18    Ms. Fuller, Mr. Hopkins, we were all at the trial.  We

19    know how aggravating this is and why Congress punishes so

20    heavily.  We do know there are real 13-year-old girls out

21    there who are enticed and exploited by adults.  That's why

22    Congress acts with such a stern voice in setting a

23    mandatory minimum of ten years in the case.

24            So, I -- I mean why balance the 3553(a) factors?

25    I suppose it's useful to the extent that the outcome of

1    fashioning a sufficient but not greater than necessary

2    would lead us to the same outcome, a ten-year sentence,

3    which is the mandatory minimum.

4            But about the guidelines do account for the

5    seriousness of the offense, of course.  Punishment is

6    required, and it's been put in place by Congress, and I

7    will certainly follow that.

8            Your personal history and characteristics, well,

9    that's forward-looking.  I have no doubt, of course, that

10   this crime was committed.  But you have found out a lot of

11   things about yourself since you committed this crime.  And

12   you're on medications, and you have a treatment and

13   rehabilitation plan ahead of you that we'll put in place

14   here.

15           I think the sentence certainly sends a message

16   to the larger community that there are very serious

17   consequences for this type of this behavior involving

18   enticement of a 13-year-old girl.

19           Protecting the community from future crimes,

20   I've referred to that before.  I don't think you're a risk

21   to commit other crimes, especially with sex offender

22   evaluation and treatment and mental health treatment.

23   Rehabilitation and treatment is a weighty factor, but

24   first comes the need for punishment under 3553(a).

25           And so whether I'm sentencing under the federal

1    sentencing guidelines or under the discretionary

2    sentencing statute, the outcome is the same; sufficient

3    but not greater than necessary sentence, according to

4    Congress, is ten years in prison.  And that's what I must

5    impose.

6              So, if you would please stand, sir, I will

7    announce your sentence.

8              Based on the Constitutional and statutory

9    authority vested in this Court, it's the judgment of the

10   Court that Cody Wayne Hopkins is hereby committed to the

11   custody of United States Bureau of Prisons to be

12   incarcerated for a term of 120 months, the mandatory

13   minimum of ten years in federal prison.

14             Upon release from imprisonment, Mr. Hopkins, you

15   are placed on supervised release for a period of five

16   years.  You start your supervision by reporting to the

17   U.S. Probation Office in the district to which you are

18   released within 72 hours had from your release of custody.

19   So I don't know if you'll be released to Pennsylvania,

20   your home base, or if you will be released back here to

21   South Dakota, which seems likely.  But you need to start

22   your supervised release by reporting within 72 hours.

23   You'll be directed which probation office is the location

24   where you should report.

25             You know, the mandatory conditions of supervised

release in federal law do apply to you.  On supervision you must not commit another federal, state, or local crime.

You, of course, cannot illegally possess a controlled substance.

You must submit to one drug test within 15 days from your release of custody and at least two drug tests thereafter as directed by probation.  You've got to be clean and sober on federal supervision.

You have to cooperate in the collection of DNA, which is a federal sentencing requirement.

And, because of the nature of the offense, you have to comply with the terms of the Sex Offender Registration and Notification Act as required by federal law.  Failure to register under the federal statute is a federal felony, which is prosecuted everywhere in the country.  So you will learn the registration requirements when you're coming out of custody.  Whatever state you're living in will have its own registration requirements as well.  So those are matters you're going to need to learn.

All of these conditions will be reviewed with you by your supervising officer when you're coming out of custody.  But you'll also see them in writing in the judgment in your case.

So those are the mandatory conditions.

1          In your judgment you will see the standard

2     conditions of supervised release.  Those standard

3     conditions are adopted by the district judges in South

4     Dakota, and they're part of the supervised release and

5     must be followed.

6          And then we've designed six special conditions

7     as conditions of release in your case and must be

8     completed successfully to finish your sentence

9     successfully.

10          First, you must not initiate, establish, or

11     maintain contact with any male or female child under the

12     age of 18, nor attempt to do so, except under

13     circumstances approved in advance and in writing by the

14     probation office.  Both genders are involved, after my

15     review of the psychosexual evaluation in the case.

16          Now, second condition is you must participate in

17     the probation officer's computer internet use and

18     monitoring program.  That program requires to you comply

19     with the provision of the participation agreement used in

20     the District of South Dakota.  Participation in that

21     monitoring program, Mr. Hopkins, is in lieu of having all

22     access to a computer denied.  Which ten years from now the

23     whole world is going to have some form of technology, and

24     so this is an accommodation that if you follow the rules

25     of this program, you'll be able to have access to a device

1   under supervision.

2          But you must consent at the direction of the

3   probation office to having installed on your computers or

4   whatever the device is ten years from now at your expense

5   any hardware or software system to monitor computer use or

6   prevent access to particular materials.  So that's an

7   accommodation that will be worked out when you're coming

8   out of custody.

9          Third, you must not reside with any male or

10  female child under the age of 18, nor attempt to do so,

11  without permission in writing in advance from the U.S.

12  Probation Office.  That's a protective factor for

13  children.  We don't know yet from sex offender treatment

14  and polygraph examinations what the risk factors are for

15  you.  So that's in place, and you'll work out the

16  realities of that with your supervising officer.

17         Fourth, you must undergo inpatient or outpatient

18  psychiatric or psychological treatment as directed by

19  probation and take any prescription medications considered

20  necessary by your treatment provider.  So you'll have a

21  mental health professional under supervision.  And that's

22  the kind of care that you wish you had gotten earlier in

23  life.  Well, it will come a bit later now, but I think

24  it's very important to help you achieve a healthy state

25  and to live lawfully.

1          So the fifth condition is you must submit your

2    person, your residence, your place of business, your

3    vehicle, your possessions, any computers, smart phone,

4    tablet, or internet-capable device and the passwords for

5    those devices, you submit all of that to search conducted

6    by a United States Probation Officer who's searching

7    without a warrant if that officer has reasonable suspicion

8    that you have violated a term of your supervised release.

9          The sixth condition is you must participate in

10   sex offender treatment and submit to polygraph

11   examinations as directed by the U.S. Probation Office.

12         Restitution is mandatory, but not in this case

13   type.  This was a sting operation.  There isn't an actual

14   victim involved, fortunately.  I do have to order you pay

15   a $100 special assessment for the crimes victim's

16   assistance fund.  And the $5,000 special assessment under

17   the Justice for Victims of Trafficking Act of 2015, that's

18   waived because you're an indigent person, according to

19   paragraph 64 of the presentence.  And Congress provided

20   that if you are indigent, that assessment does not apply.

21   So it will not be imposed on you.

22         You shall forfeit your interest in the following

23   property to the United States.  It's the cell phone used

24   in the commission of the offense:

25         One Google cellular telephone, Verizon SIMM

1    ICID -- get ready, Sheri, it's a long series of numbers --

2    89148000004442173723.

3              That's forfeited to the United States, of

4    course, Mr. Hopkins.  Please be seated, sir.

5              Ms. Collins, is there any legal reason why the

6    sentence should not be imposed as announced?

7              MS. COLLINS:  No, Your Honor.

8              THE COURT:  Ms. Fuller?

9              MS. FULLER:  No, Your Honor.

10             THE COURT:  Any need for clarification,

11   Ms. Miller?

12             PROBATION OFFICER:  No, Your Honor.

13             THE COURT:  Well, I do impose the sentence as I

14   have announced it, Mr. Hopkins.

15             Now you have 14 days from today's date to

16   challenge any appealable issue in your case.  You went to

17   trial; you were convicted by a jury.  You can challenge

18   the verdict and the other matters that Ms. Fuller may

19   advise you are appealable issues, including this sentence.

20             So what you do now is if you want to appeal,

21   tell Ms. Fuller.  She'll file the papers to protect your

22   appeal rights.  Now, you only have 14 days from today's

23   date within which to appeal.  Do you understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  All right.

1          Anything further, Ms. Collins?

2          MS. COLLINS:  No, Your Honor.

3          THE COURT:  Ms. Fuller?

4          MS. FULLER:  No, thank you.

5          THE COURT:  Ten years is a long sentence,

6     Mr. Hopkins, but you're a young man.  You're going to come

7     out into the community again with proper supervision and

8     some guardrails in place.  I'm sure you can succeed.

9          You're well -- I think in mind of what your

10    treatment needs are going forward, and those resources

11    will be there for you federally.  So good luck to you,

12    sir.

13         THE DEFENDANT:  Thank you, sir.

14         THE COURT:  Court is adjourned.

15         THE LAW CLERK:  All rise, please.

16         (End of proceedings this date at 3:27 p.m.)

17

18

19

20

21

22

23

24

25

1

2                    COURT REPORTER'S CERTIFICATE

3

4   UNITED STATES DISTRICT COURT   )
    DISTRICT OF SOUTH DAKOTA        )      SS
    WESTERN DIVISION                )

5

6           I, Sheri L. Not Help Him, RPR, CRR, Official

7   Court Reporter in and for the United States District

8   Court, District of South Dakota,

9           DO HEREBY CERTIFY that I acted as such Court

10  Reporter at the Sentencing Hearing of the within-entitled

11  action, and that the foregoing redacted public transcript,

12  pages 1 to 26, inclusive, is a true and complete

13  transcript of my stenographic notes taken at said

14  Sentencing Hearing on April 28, 2023.

15          Dated at Rapid City, South Dakota, this 18th day

16  of July, 2023.

17          */s/ Sheri L. Not Help Him*

18          _____
            SHERI L. NOT HELP HIM
19          Official Court Reporter
            515 Ninth Street #302
20          Rapid City, SD  57701
            Phone:  (605) 399-6007
21          Email: Sheri_nothelphim@sdd.uscourts.gov

22

23

24

25